CASE No. 919.

ALSOBROOK v. ALSOBROOK.

1. The widow of an intestate gave her note, with sureties, for personal property purchased at the estate sale, and transferred to her sureties as indemnity the property purchased and also her interest in the lands of her husband; afterwards, judgments having been obtained against her and her sureties upon this note, one of the sureties received from the administrator a release of himself alone from this judgment, in consideration of a transfer by him to the administrator of the property held by the sureties as indemnity. *Held,* that there was no consideration for the release, and that it must be set aside in favor of creditors of the intestate.

2. The widow and her sureties are entitled to a credit upon such judgment to the extent of the value of so much of the property so transferred to the administrator, as was not subject to sale by the sheriff under execution against the administrator for debts of the intestate.

Before KERSHAW, J., Chesterfield, September, 1879.

In this case the Honorable Thomas B. Fraser, judge of the Third Circuit, sat in the seat of Associate Justice McIver who had been of counsel in the cause in the court below.

This was an action by Caroline M. Alsobrook, as executrix of Lemuel H. Alsobrook, against Franklin L. Alsobrook and others. F. L. Alsobrook was a son of Willis W. Alsobrook, and administered upon his estate; Elizabeth P. Alsobrook was the widow of intestate.

The Circuit decree, after finding the facts, (which are sufficiently stated in the opinion of the court,) thus concludes:

The note upon which the judgment, whose release is the subject of this controversy is founded, is payable to Franklin L. Alsobrook, administrator. It was received by him for personal property, purchased by the widow at the sale of his intestate's estate made by him as administrator.

Since the case of Rhame *v.* Lewis, decided in 1867, it cannot be doubted that a security of this kind is equally with choses in action, which the intestate held at his death, assets in the hands

of the administrator, subject in all respects, as such, to the claims of creditors and distributees.

The same case is authority for the proposition, never doubted, that a valid alienation by way either of sale or pledge of such choses in action, may be made by the administrator to any one who takes them *bona fide,* and for value not grossly inadequate, and, upon such alienation, they will be discharged of all equities which attach upon them merely as assets. 13 *Rich. Eq.* 329. It is wholly unnecessary to go beyond the principles of law here decided, to solve the questions in this case.

They are resolved into two inquiries :

1. Was the release of the judgment complained of "*bona fide ?*"

2. Was it for value " not grossly inadequate ? "

It has already been said that I discover in the testimony no direct proof of fraud. Can it be presumed from any of the circumstances ?   The circumstances relied upon for that purpose are the alleged insolvency of Franklin L. Alsobrook, the administrator, and the supposed knowledge of that fact by Redfearn.

While these circumstances, fully established, would have been very high evidence of fraud, if the release of the judgment had been made in consideration of property conveyed to F. L. Alsobrook individually, it is not perceived that it can have any such effect, when the conveyance was made to him expressly as administrator, unless coupled with such gross inadequacy of consideration as would be evidence of a fraudulent intent.   The case is, therefore, reduced to the point involved in the second inquiry.

2. Was the consideration so grossly inadequate as to raise the presumption of fraud ?

The evidence on this point is recited above.   Witnesses of equal respectability, and with equal means and capacity for forming an opinion, widely disagree as to the value of the land conveyed.   Some of the evidence tends to show that it was worth from $8 to $10 *per acre,* while other testimony tends to reduce it to $2.50 *per acre.*   The very quantity of land conveyed is left in such doubt that the court is unable to determine

whether there were six hundred, a thousand, or twelve hundred acres.

The value of the personal property, and the particulars of which it consisted, is also not established by the testimony. The burden is on the plaintiff, who alleges fraud in the transaction, to establish it by proof of such circumstances as will make it plainly to appear. Such proof has not been furnished. From the nature of the subject, the question of value is one of opinion merely, and where the estimates are so diverse, the question must remain in doubt.

The transaction was not illegal in itself, nor necessarily unfair. The presumption, therefore, is in favor of good faith, and it cannot be removed by doubtful proof.

I must, therefore, conclude that the consideration for the release was not grossly inadequate, and, consequently, that there was no fraud in the transaction, actual or constructive. It is, therefore, adjudged that the complaint be dismissed, as to all the defendants, except Franklin L. Alsobrook, against whom, as administrator, an account is prayed, with leave to the plaintiff to apply at the foot of this judgment for such orders as may be necessary to procure such accounting from him, and proceedings consequent thereon.

It is also adjudged, that the plaintiff pay the costs of all the defendants herein, except Franklin L. Alsobrook, to be adjusted by the clerk.

From this decree, plaintiff appealed.

*Messrs. Dudley & Newton*, and *M. J. Hough*, for appellant.

*Messrs. Prince & Caston*, contra.

September 6th, 1880. The opinion of the court was delivered by

FRASER, A., A. J. Willis W. Alsobrook died intestate, and his son, Franklin L. Alsobrook, one of the defendants, administered on his estate. Elizabeth P. Alsobrook, his widow, and his sons, Franklin L. and William, were his only heirs-at-law and dis-

tributees. He died possessed of considerable estate, real and personal. In 1857 or 1858 the administrator made sale of the personalty, amounting in all to about $30,000. At this sale Elizabeth P., the widow, purchased property, and gave her note, under seal, to the administrator, with Townley Redfearn, Thomas H. Watts and one Bivens as sureties. It is stated in the Circuit decree that "at the time when the note was signed by Redfearn and Watts, as sureties to Mrs. Elizabeth P. Alsobrook, she transferred to them, as indemnity for such suretyship, certain real estate and some personal property, the latter derived by her purchase at the estate sale of Willis W. Alsobrook, her deceased husband, and the real estate as his heir-at-law, she being, as widow, entitled to one-third part of the estate." It does not appear what was the precise nature of this transfer, whether by way of mortgage or by deed of trust, but it appears to have been by way of *indemnity*. It must be inferred that it included her whole interest in the land, whether as dowress or as heir-at-law, or of the whole interest in the land by some arrangement with the other heirs. The latter seems possible, as her purchases of personalty do not seem to have amounted to one-third of the personalty of the estate. The land transferred was the same land subsequently sold as a part of the estate for eight hundred acres in one parcel and fifty acres in another, and estimated by some of the witnesses at twelve hundred acres, and estimated by witnesses at from $2.50 to $8.50 per acre. The personalty consisted, or at least so much as was left after the war, of "household and kitchen furniture, hogs, cattle and, perhaps, other articles."

On this note, separate judgments were obtained against Mrs. Elizabeth P. Alsobrook and her sureties, Townley Redfearn and Thomas H. Watts, on September 6th, 1872, for the sum of $10,577.92 and costs.

On September 21st, 1872, the defendant, Townley Redfearn, procured from Franklin L. Alsobrook a release in full of his individual liability on this judgment, the release acknowledging "full satisfaction" of the same from him. This release makes no provision for the discharge of either the principal or the other sureties.

Before the date of this judgment and of this release, Lemuel H. Alsobrook had recovered a judgment against the administrator on a claim against his intestate, which was entered up March 5th, 1867, for $3467.62, and $21.13 costs, and renewed September 10th, 1875, for $6167.01, and $89.40 costs.

There was also a judgment in favor of James Funderburk as administrator of Gibson Mangum against Franklin L. Alsobrook as administrator of W. W. Alsobrook, dated March 7th, 1868, for $2465.58, and $28.85 costs.

There was also another judgment in favor of A. M. Lowry for some $300 and interest.

This action was brought to set aside the release given by the administrator to Townley Redfearn on the ground that it was *without consideration,* and that it was executed *with the intent to hinder, delay and defraud the plaintiff,* Lemuel H. Alsobrook and other creditors of W. W. Alsobrook.

Under the executions of Lemuel H. Alsobrook and others against the administrator, the land transferred to the sureties as *indemnity,* and by Redfearn transferred to the administrator as part of the consideration of the release, has been sold by the sheriff as a part of the estate of W. W. Alsobrook for the sum of $3300. Of this amount $2690.01 was paid on the judgment of L. H. Alsobrook, and $210.12 on the judgment of A. M. Lowry. There had been an application from a previous sale of $196 to the plaintiff's judgment, which had been returned *nulla bona* on March 28th, 1873, before the commencement of this action.

The consideration is thus stated by the defendant Redfearn: "Transferred to Frank (*i. e.* Franklin L. Alsobrook, the administrator,) the same he got as indemnity; has lost nothing but time;" * * * "gave his *individual* release of the property;" "the others were not there," (*i. e.*) the other sureties.

The defendant Redfearn, and the administrator stood in the relation of debtor and creditor, and Redfearn had a right to make the best bargain he could, provided, however, there was no fraudulent purpose, and he gave a consideration for the release not grossly inadequate. But in no view of the case could

the administrator, dealing with trust funds, release or sell them without any consideration at all. *Rhame* v. *Lewis*, 13 *Rich. Eq.* 310.

It would be difficult to reconcile this transaction with correct ideas of fair dealing. All the property transferred by Redfearn to the administrator, as consideration for this release, belonged originally to the estate, and was transferred to him and his co-sureties as *indemnity* by the principal debtor, yet, in his transfer to the administrator, he claims to transfer without consulting the other sureties, and, in the release, makes no provision for the benefit of the other sureties, who are equally interested with himself or for the benefit of Mrs. Elizabeth P. Alsobrook, the principal, who had furnished the means, only making the vague suggestion that in some way she would be benefited by the transaction.

As we construe this transaction, with the light before us, the whole property conveyed to the sureties as *indemnity* was not liable to sale under the plaintiff's execution against the administrator as a part of the estate of W. W. Alsobrook. The widow's right of dower could not have been barred by such sale, and the personalty purchased by her ceased to be a part of the estate at the sale, and was no longer liable to the debts of the estate. Both, however, were liable on her own contracts, and could have been subjected to the payment of her debts. Now, the convey-ance made by Mrs. E. P. Alsobrook to Redfearn, and the other sureties was only by way of *indemnity*, and she had a right to pay the debt and redeem the property. She was heir-at-law and distributee of the intestate, and had a right to call on the administrator and *his* sureties for an account of the administration, and, so far as anything appears in this case, her share in the estate might have been sufficient to have paid her debt, for which Redfearn, Watts and Bivens were sureties. If, under these circumstances, *she* had conveyed this property to the administrator in payment of the debt, or if she had released her equity and right to redeem the property, we are not prepared to say that the consideration would not have been sufficient to sustain the release. But she was no party to this release, and does not appear to have consented to or been consulted about it. The sole consideration was the transfer by Redfearn, as far as he

could by his individual act, of property held by the sureties jointly for their protection. Sureties have a right to all collaterals taken by the creditor from the principal, or such as are taken by a co-surety. Creditors have a right to all collaterals taken from the principal by the sureties, and this without any reference to the solvency or insolvency of the principal debtor. *Field* v. *Pelot, McM. Eq.* 388; *Lowndes* v. *Pinckney,* 1 *Rich Eq.* 155; *McKenna* v. *George,* 2 *Rich. Eq.* 15; *Pitman on Princ. & Sur.* 88, 89; *Story's Eq.,* § 520.

Under this view of the case Redfearn only gave what the administrator had a right to, and this could not be held to be a consideration for the release.

The land itself has been sold as part of the estate, and the proceeds applied to the payment of the debts, and the sale by the sheriff must be regarded as a fair test of its value. The right of dower and the personalty, or any other interest which was transferred to the administrator by Redfearn as a part of the consideration, and which was not subject to sale by the sheriff, under the execution against the administrator, should, however, be regarded as payment to the extent of its value and the administrator and his sureties are liable to the creditors for it.

There should therefore be a reference to ascertain what was the value of the property thus transferred, and the execution against Mrs. E. P. Alsobrook and her sureties should have credit for so much. The release executed by the administrator in favor of Redfearn should be set aside and a receiver appointed to administer the fund under the orders of the court in favor of the plaintiff and others who may be entitled to it.

It is, therefore, ordered that the release executed by the administrator be set aside and the case remanded to the Circuit Court for such orders as may be proper under the principles announced in this decree.

WILLARD, C. J., and McGOWAN, A. J., concurred.